# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF PUERTO RICO

IN RE:

JAIME L. HERNANDEZ MALDONADO

*Debtor*

CASE NO. 23-00335 MAG

CHAPTER 13

## MOTION TO AMEND PLAN

TO THE HONORABLE COURT:

**NOW COMES** Debtor herein, JAIME L. HERNANDEZ MALDONADO, by his undersigned attorney, and very respectfully ALLEGES AND PRAYS:

1. On this date, debtor is amending Chapter 13 Payment Plan in order to:
    a. <u>Agree for the lifting of stay in favor of BPPR unsecured claim, POC #3-1, debtor is co-debtor.</u>

**WHEREFORE**, Debtor respectfully requests that the Amended Chapter 13 Payment Plan be accepted for continuation of the proceedings and that all other remedies which are proper and just be granted.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY on this same date I electronically filed the foregoing document with the clerk of the court using the CM/ECF System which will sent notification of such filing to the following: Chapter 13 Trustee, Alejandro Oliveras; US Trustee and to all creditors registered to said system. On this date, I have sent copy of said document by regular mail to all parties in interest that are non CM/ECF participants as of the creditor matrix attached hereto.

In San Juan, Puerto Rico, this 14th day of March 2023.

**MODESTO BIGAS LAW OFFICE**
Attorneys for Debtor
P.O. Box 7462
Ponce, P.R. 00732-7462
Tel. 844-1444; Fax 842-4090

By:   /s/ Alexandra Bigas Valedon
**ALEXANDRA BIGAS VALEDON**
U.S.D.C. NO. 220109
alexandra.bigas@gmail.com

The debtor has read the information included above and agree to the same.

/s/ Jaime L. Hernandez Maldonado
JAIME L. HERNANDEZ MALDONADO
Debtor

23-011...

In Re
HERNANDEZ MALDONADO, JAIME L

XXX-XX-2826

XXX-XX-

**Puerto Rico Local Form G**

**Chapter 13 Plan dated** 03/14/2023

Case No: 23-00335

Chapter 13

[X] Check if this is a pre-confirmation amended plan.

[ ] Check if this is a post confirmation amended plan
Proposed by:
    [ ] Debtor(s)
    [ ] Trustee
    [ ] Unsecured creditor(s)

[X] If this is an amended plan, list below the sections of the plan that have been changed.
8.1

## PART 1 Notices

**To Debtors:** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies.*

**To Creditors:** Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one. The headings contained in this plan are inserted for reference purposes only and shall not affect the meaning or interpretation of this plan.

**If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court.** The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you must file a timely proof of claim in order to be paid under this plan, unless ordered otherwise.

If a claim is withdrawn by a creditor or amended to an amount less than the amount already disbursed under the plan on account of such claim: (1) The trustee is authorized to discontinue any further disbursements to related claim; (2) The sum allocated towards the payment of such creditor's claim shall be disbursed by the trustee to Debtor's remaining creditors. (3) If such creditor has received monies from the trustee (Disbursed Payments), the creditor shall return funds received in excess of the related claim to the trustee for distribution to Debtor's remaining creditors. (4) If Debtor has proposed a plan that repays his or her creditors in full, funds received in excess of the related claim shall be returned to the Debtor.

The following matters may be of particular importance. Debtor(s) must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | [ ] Included | [X] Not included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4 | [ ] Included | [X] Not included |
| 1.3 | Nonstandard provisions, set out in Part 8 | [X] Included | [ ] Not included |

## PART 2: Plan Payments and Length of Plan

2.1 Debtor(s) will make payments to the trustee as follows:

| PMT Amount | Period(s) | Period(s) Totals | Comments |
|---|---|---|---|
| 850.00 | 1 | 850.00 | |
| 810.00 | 59 | 47,790.00 | |
| Subtotals | 60 | 48,640.00 | |

*Insert additional lines if needed*

If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

**2.2 Regular payments to the trustee will be made from future income in the following manner:**

*Check all that apply.*
[ ] Debtor(s) will make payments pursuant to a payroll deduction order.
[X] Debtor(s) will make payments directly to the trustee.
[ ] Other (specify method of payment): _____

**2.3 Income tax refunds:**

Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will comply with 11 U.S.C. § 1325(b)(2). If the Debtor(s) need(s) to use all or a portion of such "Tax Refunds," Debtor(s) shall seek court authorization prior to any use thereof.

**2.4 Additional payments:**

*Check one.*
[X] None. *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

## PART 3: Treatment of Secured Claims

**3.1 Maintenance of payments and cure of default, if any.**

*Check one.*
[X] None. *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

**3.2 Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.**

*Check one.*

[X] None. *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

**3.3 Secured claims excluded from 11 U.S.C. § 506.**

*Check one.*
[X] None. *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

**3.4 Lien Avoidance.**

*Check one.*
[X] None. *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

**3.5 Surrender of collateral.**

*Check one.*
[ ] None. *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

[X] The Debtor(s) elect to surrender to each creditor listed below the collateral that secures the creditor's claim. The Debtor(s) request that upon confirmation of this plan, the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under § 1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 5 below.

**Name of creditor**
<u>COOP A/C VILLA COOP</u>
*Insert additional lines as needed.*

**Collateral**
<u>STOCKS WITH VILLA COOP</u>

### 3.6 Pre-confirmation adequate protection monthly payments ("APMP") to be paid by the trustee.

[X] Payments pursuant to 11 USC §1326(a)(1)(C):

| Name of secured creditor | $ Amount of APMP | Comments |
|---|---|---|
| **BPPR** | **$300.00** | **Until Conf. of Plan** |

*Insert additional lines as needed.*

Pre-confirmation adequate protection payments made through the plan by the trustee are subject to the corresponding statutory fee.

### 3.7 Other secured claims modifications.

*Check one.*

[ ] **None**. *If "None" is checked, the rest of § 3.7 need not be completed or reproduced.*

[X] Secured claims listed below shall be modified pursuant to 11 U.S.C. § 1322(b)(2) and/or § 1322(c)(2). Upon confirmation, the trustee shall pay the allowed claim as expressly modified by this section, at the annual interest rate and monthly payments described below. Any listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated, pro-rated unless a specific amount is provided below. Unless otherwise ordered by the court, the amounts listed on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) control over any contrary amounts listed below. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. If no monthly payment amount is listed below, distribution will be prorated according to plan section 7.2

| Name of creditor | Claim ID # | Claim amount | Modified interest rate | Modified term (Months) | Modified P&I | Property taxes (Escrow) | Property insurance (Escrow) | Total monthly payment | Estimated total PMTs by trustee |
|---|---|---|---|---|---|---|---|---|---|
| Popular Auto | | $19,824.00 [X] To be paid in full 100% | | | | | | | $19,824.00 |

## PART 4: Treatment of Fees and Priority Claims

### 4.1 General

Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

### 4.2 Trustee's fees

Trustee's fees are governed by statute and may vary during the term of the plan, nevertheless are estimated for confirmation purposes to be 10 % of all plan payments received by the trustee during the plan term.

### 4.3 Attorney's fees

*Check one.*

[X] **Flat Fee**: Attorney for Debtor(s) elect to be compensated as a flat fee for their legal services, up to the plan confirmation, according to LBR 2016-1(f).

**OR**

[ ] **Fee Application**: The attorneys' fees amount will be determined by the court, upon the approval of a detailed application for fees and expenses, filed not later than 14 days from the entry of the confirmation order.

| | |
|---|---|
| Attorney's fees paid pre-petition: | $ **600.00** |
| Balance of attorney's fees to be paid under this plan are estimated to be: | $ **3,400.00** |
| If this is a post-confirmation amended plan, estimated attorney's fees: | $ **0.00** |

### 4.4 Priority claims other than attorney's fees and those treated in §§ 4.5, 4.6.

*Check one.*
[X] **None**. *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

### 4.5 Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.

*Check one.*
[X] **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

### 4.6 Post confirmation property insurance coverage

*Check one.*
[x] **None.** *If "None" is checked, the rest of § 4.6 need not be completed or reproduced.*

## PART 5: Treatment of Nonpriority Unsecured Claims

### 5.1 Nonpriority unsecured claims not separately classified.

Allowed nonpriority unsecured claims that are not separately classified will be paid pro rata. If more than one option is checked, the option providing the largest payment will be effective.

*Check all that apply.*

[ ] The sum of $ _____.

[ ] _____% of the total amount of these claims, an estimated payment of $ _____.

[X] The funds remaining after disbursements have been made to all other creditors provided for in this plan.

[ ] If the estate of the Debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $ _____

### 5.2 Maintenance of payments and cure of any default on nonpriority unsecured claims.

*Check one.*
[X] **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

### 5.3 Other separately classified nonpriority unsecured claims.

*Check one.*
[ ] **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

[X] The nonpriority unsecured allowed claims listed below are separately classified and will be treated as follows: (If Trustee is to disburse and no monthly payment amount is listed below, distribution will be prorated according with plan section 7.2.)

| Name of creditor (Claim No.) | Base for separate classification | Treatment (to be paid pro rata) | Amount to be paid in the claim (If applicable) | Interest rate (If applicable) | Months | Starting on Plan Month | PMT Amount | Estimated total amount of payments |
|---|---|---|---|---|---|---|---|---|
| COOP A/C VILLA COOP | Co-debtor's Claim | [X] In full – 100%<br>[ ] Less than 100%<br>[ ] Paid by co-debtor<br>[ ] Other (explain): | 18,242.02 | | | | | 18,242.02 |

*Insert additional lines as needed*

## PART 6: Executory Contracts and Unexpired Leases

### 6.1 The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.

*Check one.*
[x] **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

## PART 7: Vesting of Property of the Estate & Plan Distribution Order

**7.1 Property of the estate will vest in the Debtor(s) upon**

*Check the applicable box:*

[X] Plan confirmation.
[ ] Entry of discharge.
[ ] Other: _____

**7.2 Plan distribution by the trustee will be in the following order:**
*(The numbers below reflect the order of distribution; the same number means prorated distribution among claims with the same number.)*

1. Distribution on Adequate Protection Payments (Part 3, Section 3.6)
1. Distribution on Attorney's Fees (Part 4, Section 4.3)
1. Distribution on Secured Claims (Part 3, Section 3.1) – *Current contractual installment payments*
2. Distribution on Post Confirmation Property Insurance Coverage (Part 4, Section 4.6)
2. Distribution on Secured Claims (Part 3, Section 3.7)
2. Distribution on Secured Claims (Part 3, Section 3.1) – *Arrearage payments*
3. Distribution on Secured Claims (Part 3, Section 3.2)
3. Distribution on Secured Claims (Part 3, Section 3.3)
3. Distribution on Secured Claims (Part 3, Section 3.4)
3. Distribution on Unsecured Claims (Part 6, Section 6.1)
4. Distribution on Priority Claims (Part 4, Section 4.4)
5. Distribution on Priority Claims (Part 4, Section 4.5)
6. Distribution on Unsecured Claims (Part 5, Section 5.2)
6. Distribution on Unsecured Claims (Part 5, Section 5.3)
7. Distribution on General Unsecured claims (Part 5, Section 5.1)

Trustee's fees are disbursed before each of the distributions above described pursuant to 28 U.S.C. § 586(e)(2).

# PART 8: Nonstandard Plan Provisions

**8.1 Check "None" or list the nonstandard plan provisions**

[ ] **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

*Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Official Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.*

**Each paragraph below must be numbered and labeled in boldface type, and with a heading stating the general subject matter of the paragraph.**

The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3.

**8.2 This Section modifies LBR-G, Part 4: Section 4.3 Attorneys Fees:**

Trustee to pay Attorney's Fee's before any secured or priority Creditor 11 USC 330.

**8.3 This Section modifies LBF-G, Part 2, Section 2.3: Income Tax Refunds to be used to fund the plan:**

Tax refunds will be devoted each year, as periodic payments, to fund the plan until the plan's completion. The tender of such payments shall deem the plan modified by such amount, increasing the base without the need of further Notice, Hearing or Court Order. If the Debtor(s) need(s) to the use all or portion of such "Tax Refunds", Debtor(s) shall seek Court's authorization prior to any use of funds.

**8.4 This Provision Supplements Part 3 to provide for the Lifting of the 362(a) Stay:**

Upon the confirmation of this plan the automatic stay pursuant to Section 362(a) will be lifted in favor of BPPR, as to POC No. 3-1. Trustee will not make disbursements to BPPR Road Financial, without prejudice of the claim being amended to unsecured with a deficiency claim. Debtor is co-debtor.

**8.5 This Provision Supplements Part 3 to provide for the Lifting of the 362(a) Stay:**

Upon the confirmation of this plan the automatic stay pursuant to Section 362(a) will be lifted in favor of Freedom Road Financial, as to collateral related to POC No. 4-1. Trustee will not make disbursements to Freedom Road Financial, without prejudice of the claim being amended to unsecured with a deficiency claim.

**8.6 This Section modifies LBF-G, Part 4: Post confirmation property insurance coverage:**

No insurance is needed for Popular Auto's collateral, POC #2, since debt will be satisfied by maturity date.

*Insert additional lines as needed.*

## PART 9: Signature(s)

/s/ Alexandra Bigas Valedon
Signature of attorney of Debtor(s)

Date March 14, 2023

/s/ JAIME L HERNANDEZ MALDONADO

Date March 14, 2023

Signature(s) of Debtor(s) (required if not represented by an attorney; otherwise optional)

By filing this document, the attorney for Debtor(s) or Debtor(s) themselves, if not represented by an attorney, also certify(ies) that the wording and order of the provisions in this chapter 13 plan are identical to those contained in Local Form G (LBF-G), other than any nonstandard provisions included in Part 8.

**23-00335-MAG13** JAIME L HERNANDEZ MALDONADO
Case type: bk Chapter: 13 Asset: Yes Vol: v US BANKRUPTCY JUDGE: MARIA DE LOS ANGELES GONZALEZ
Date filed: 02/08/2023 Date of last filing: 03/07/2023

# Creditors

| | |
|---|---|
| **ALEXANDRA BIGAS VALEDON**<br>PO BOX 7462<br>PONCE PR 00732 | (5061899)<br>(cr) |
| **AMERICAN EXPRESS CORP**<br>P O BOX 8218<br>MASON OH 45040 | (5061900)<br>(cr) |
| **BANCO POPULAR DE PR**<br>P O BOX 2708<br>SAN JUAN PR 00936 | (5061901)<br>(cr) |
| **BANCO POPULAR DE PUERTO RICO**<br>BANKRUPTCY DEPARTMENT<br>PO BOX 366818<br>SAN JUAN PR 00936-6818 | (5065643)<br>(cr) |
| **CBNA**<br>P O BOX 6497<br>SIOUX FALLS SD 57117 | (5061902)<br>(cr) |
| **COOP A/C VILLA COOP**<br>APARTADO 1554<br>VILLALBA PR 00766 | (5061903)<br>(cr) |
| **FRDMROAD FINANCIAL**<br>10605 DOUBLE R BLVD<br>RENO NV 89521 | (5061904)<br>(cr) |
| **FreedomRoad Financial c/o Wayfinder BK, LLC**<br>PO Box 64090<br>Tucson, AZ 85728-4090 | (5066550)<br>(cr) |
| **JAIME L HERNANDEZ MALDONADO**<br>PO BOX 1155<br>VILLALBA PR 00766 | (5061898)<br>(cr) |
| **PENTAGON FEDERAL CREDIT UNION**<br>PO BOX 1432<br>ALEXANDRIA VA 22313 | (5061905)<br>(cr) |
| **POPULAR AUTO**<br>BANKRUPTCY DEPARTMENT<br>PO BOX 366818<br>SAN JUAN PUERTO RICO 00936-6818 | (5065642)<br>(cr) |

**POPULAR AUTO**  
P O BOX 366818  (5061906)  
SAN JUAN PR 00936  (cr)

**SYNCB/ PANDORA**  
P O BOX 965036  (5061907)  
ORLANDO FL 32896  (cr)

**Synchrony Bank**  
c/o of PRA Receivables Management, LLC  (5062436)  
PO Box 41021  (ntcapr)  
Norfolk, VA 23541

**SYNCHRONY BANK C/O AMERICAN EAGLE**  
PO BOX 981400  (5061908)  
EL PASO TX 79998  (cr)

| PACER Service Center ||||
|---|---|---|---|
| Transaction Receipt ||||
| 03/14/2023 10:40:15 ||||
| PACER Login: | bigasalex | Client Code: | |
| Description: | Creditor List | Search Criteria: | 23-00335-MAG13 Creditor Type: All |
| Billable Pages: | 1 | Cost: | 0.10 |